UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EPHESIAN JOHNNY FRANKLIN,

Plaintiff,

-against-

SHAWN COREY CARTER; BEYONCE
GISELLE KNOWLES,

Defendants.

25-CV-231 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the Court's diversity of citizenship jurisdiction, asserting claims arising under state law. By order dated May 30, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action, but grants Plaintiff 30 days' leave to file an amended complaint.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially

plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that

the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must

accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79

(2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of

action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating

legal conclusions from well-pleaded factual allegations, the Court must determine whether those

facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following allegations come from the complaint.[1]

> I'm featured in Mr. Shawn Carter wife's music video Beyonce Knowles! His wife
> took an obsession to me and displayed it in her video and also showcased some
> defaming scenes of me off guard. The time of filming her music video titled 'no
> angel' my house got fired into with children there All kinds of bizarre attacks
> were happening to various people, the two boys in the scene right before the
> defaming scene of me reaching in my car both got killed. Mr. Shawn Carter
> started sending threats! Beyonce's mother Tina sent threats through rapper Paul
> Wall and and my cousin, his assistant, Gerald Side. I filed numerous complaints
> on Mr Carter and his wife Beyonce Knowles He started putting threats in his
> songs to me and defaming me behind his wife music video. She did numerous
> stints with posting on Instagram next to me a few times. They have phone hacks
> and social media stalkings when my complaints were filed for the amount it was. I
> had court at the Southern District of Texas Houston Division against Mr. Carter

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

and Beyonce. Every Court date or legal procedures I took, someone would get harmed.

(ECF 1 at 5-6.)

According to Plaintiff, since filming the "no angel video," he has suffered "back problems, psychological harassment, defamed depression," and he alleges that he "got some therapy, but the harassment continues. Children and various people even suffered the effects in my environment." (*Id.* at 6.) Plaintiff continues:

> Mr. Shawn Carter and Beyonce Knowles destroyed my houses, cars, family, and friends. All my assets was featured in that music video. My mother house which starts the music video off have all kinds of atrocious acts done to it My 6 books including the one featured the rappers money was missing! My video footage from my Slab Car Parade stolen Damages $40,000,000!!

(*Id.* at 6.)

In subsequently filed motions, Plaintiff seeks the following "emergency procedures": "People dead continuously, their music video that defamed me is still up streaming atrocious acts. Death threats, with people coming around. Asking the court to grant my financial damages and remove my assets from their music video titled 'no angel!' Children killed in that video and school attacks!!!" (ECF 16-19.)

Plaintiff appears to allege that he is a citizen of Texas. He provides only business addresses for Defendants in Manhattan. (ECF 1 at 4.)

Plaintiff has previously sued Carter and Knowles in Texas, and he has also asserted similar claims against different defendants; all of those actions were dismissed for substantive or procedural deficiencies. *See Franklin v. Knowles*, No. 22-CV-3278 (S.D. Tex. May 15, 2024) (dismissing complaint for failure to prosecute); *Franklin v. Carter* No. 23-CV-4759 (S.D. Tex. May 2, 2024) (dismissing defamation and other claims against Carter, arising from events connected to the filming of the "no angels" video, as frivolous and for failure to state a claim on

3

which relief may be granted); *Franklin v. Ghazi*, No. 23-CV-292 (S.D. Tex. Feb. 21, 2023) (dismissing as frivolous and for failure to state a claim complaint asserting that Rapper Young Dolph's video was defamatory to Plaintiff); *Franklin v. Knowles*, No. 22-CV-168 (S.D. Tex. June 22, 2022) (dismissing complaint for failure to prosecute); *Franklin v. Knowles*, No. 21-CV-1941 (S.D. Tex. Dec. 14, 2021) (same). In at least one of those complaints, Plaintiff alleged that Knowles was citizen of Georgia or Texas. *See id.*, No. 21-CV-1941, ECF 1 at 2.

**DISCUSSION**

**A.    Subject matter jurisdiction**

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court has jurisdiction only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

**1.    Federal question jurisdiction**

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under

4

federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996). Plaintiff does not invoke the Court's federal question jurisdiction, and the allegations in the complaint do not suggest any federal causes of action.

### 2. Diversity of citizenship jurisdiction

To establish diversity jurisdiction, a plaintiff must first allege that he and the defendants are citizens of different States. *See* § 1332(a)(1); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State."). For diversity purposes, an individual is a citizen of the State where she is domiciled, which is defined as the place where the individual "has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). An individual "has but one domicile." *Id.* The plaintiff bears the burden of establishing that diversity jurisdiction existed at the time the action was commenced. *Linardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir. 1998).

There is a second component of diversity jurisdiction—the amount in controversy must be in excess of the sum or value of $75,000. *See* § 1332(a). The sum claimed by a plaintiff will control if it the claim of value made in good faith. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). The Court can dismiss a diversity action for failing to plead that

the amount in controversy exceeds the sum or value of $75,000, but only if there is "a legal certainty from the complaint that the plaintiff cannot recover sufficient damages to invoke [diversity] jurisdiction." *Zacharia v. Harbor Island Spa, Inc.*, 684 F.2d 199, 202 (2d Cir. 1982); *see Ochoa v. Interbrew Am., Inc.*, 999 F.2d 626, 629 (2d Cir. 1993) ("[I]n determining whether a challenged jurisdictional amount has been met, district courts are permitted only to assess the allegations in a complaint and not the validity of any asserted defenses."). "A plaintiff seeking to invoke diversity jurisdiction 'cannot[,] [however,] meet his burden of proof with mere conclusory allegations of indirect or speculative value.'" *Chavez v. Maker*, No. 18-CV-7965 (RA) (GWG), 2019 WL 4926348, at *4 (S.D.N.Y. Oct. 7, 2019) (citation omitted), *report & recommendation adopted sub nom.*, *Chavez v. Wylie*, No. 18-CV-7965 (RA), 2019 WL 6873806 (S.D.N.Y. Dec. 17, 2019), *appeal dismissed*, No. 20-383, 2020 WL 4332758 (2d Cir. May 28, 2020); *Weir v. Cenlar FSB*, No. 7:16-CV-8650 (CS), 2018 WL 3443173, at *12 (S.D.N.Y. July 17, 2018) (reasoning that "the jurisdictional amount, like any other factual allegation, ought not to receive the presumption of truth unless it is supported by facts rendering it plausible" (citation omitted)).

Here, Plaintiff does not satisfy his burden of showing that the Court has diversity jurisdiction of this action. First, Plaintiff does not adequately plead the citizenship of the individual defendants because he provides business addresses rather than pleading facts about where defendants are domiciled.[2] In other words, he does not allege facts about where they reside or their citizenship. Furthermore, because Plaintiff provides no facts explaining the basis of his demand for $40 million in damages, the complaint does not show to a reasonable

---

[2] *See Franklin v. Carter*, No. 23-CV-4759, ECF 1 at 2 (identifying Manhattan address as business office).

probability that the amount in controversy meets the statutory jurisdictional amount of $75,000. The Court therefore dismisses any state law claims Plaintiff is asserting for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

**B.      Leave to amend and federal pleading rules**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). In an abundance of caution, and in light of Plaintiff's *pro se* status, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims.

The Court notes that Plaintiff's complaint contains few facts supporting his claims that Defendants defamed and harassed him and caused him physical and financial injury. Because his assertions are vague and conclusory, the complaint does not state a plausible claim for relief. *See Twombly*, 550 U.S. at 570 (holding that courts do not "have to accept as true "[t]hreadbare recitals of the elements of a cause of action" which are essentially just legal conclusions). If Plaintiff submits an amended complaint that establishes the Court's subject matter jurisdiction, the Court will also screen it for substantive sufficiency, and his claims could be dismissed on the merits if the amended complaint does not contain facts in support of those claims.[3]

---

[3] Plaintiff is further alerted that he cannot bring claims previously litigated, even if on a different legal theory. *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017)

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3), with 30 days' leave to replead. The motions for emergency relief are denied without prejudice. (ECF 16-19.)

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:    November 20, 2025
          New York, New York

_____
          Louis L. Stanton
          U.S.D.J.

---

(holding that a party cannot "avoid the preclusive effect of *res judicata*," or claim preclusion, "by asserting a new theory or a different remedy.")

8