UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EPHESIAN JOHNNY FRANKLIN,

                    Plaintiff,

          -against-

SHAWN COREY CARTER; BEYONCE
GISELLE KNOWLES,

                    Defendants.

25-CV-231 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

Plaintiff filed this action *pro se* and *in forma pauperis* ("IFP"), asserting state-law claims under the court's diversity of citizenship jurisdiction. By order dated October 25, 2025, the Court dismissed Plaintiff's complaint for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3), and granted Plaintiff 30 days' leave to file an amended complaint showing that the Court has subject matter jurisdiction of his claims. (ECF 20.) In that order, the Court also noted that the complaint contained "few facts supporting [Plaintiff's] claims that Defendants defamed and harassed him and caused him physical and financial injury," and encouraged him to provide any additional facts that supported his claims in the amended complaint. (*Id.* at 7.)

In response to the Court's order, Plaintiff filed a motion "to replead" (ECF 22), and three motions for summary judgment (ECF 21, 23, 24). Plaintiff also submitted a cashier's check purporting to pay the $405.00 filing fee, but the check lists the court as the payer, and is made payable to Plaintiff. On January 15, 2026, the clerk's office docketed in this case the court's Standing Order governing the receipt of improper payments in *pro se* cases. *See In re: Improper Payments Received In Pro Se Cases,* M10-468 Pro Se Cases. (ECF 25.) Pursuant to the Standing Order, the clerk's office mailed the cashier's check back to Plaintiff, along with a copy of the Standing Order.

**DISCUSSION**

A plaintiff asserting subject matter jurisdiction "has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). The Court must dismiss a complaint if it lacks subject matter jurisdiction of the claims asserted therein. *See* Fed. R. Civ. P. 12(h)(3). These rules apply to all cases, whether or not a plaintiff is proceeding IFP or pays the filing fee. *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

To prevent dismissal of this action, Plaintiff must submit an amended complaint showing that subject matter jurisdiction exists. He must make this showing regardless of whether or not he pays the fee.

The Court grants Plaintiff an extension of time to file an amended complaint that complies with the October 25, 2025 order. Plaintiff should review the October 25, 2025 order, which explains what he must allege to show that the Court has subject matter jurisdiction of his claims. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint. Plaintiff should take the opportunity to provide any additional facts to support his claims of defamation and harassment. Plaintiff must file any amended complaint within 30 days from the date of this order. If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action for the reasons set forth in the October 25, 2025 order. No further extensions of time will be granted.

The Court denies Plaintiff's "motion to replead," as unnecessary, because the Court already granted him leave to replead.

2

3

The Court denies as premature the motions for summary judgment. Under Federal Rule of Civil Procedure 56, "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56. Because this matter has not yet proceeded to discovery, Plaintiff's motions are premature, and they are denied without prejudice.

## CONCLUSION

The motion to replead is denied as unnecessary. (ECF 22.) The motions for summary judgment are denied without prejudice as premature. (ECF 21, 23, 24.) The Clerk of Court is directed to terminate all pending motions.

If Plaintiff does not file an amended complaint within 30 days from the date of this order, the Court will direct the Clerk of Court to enter judgment in this action for the reasons stated in the October 20, 2025 order. No further extensions of time will be granted.

Dated:    January 20, 2026
          New York, New York

_____
          Louis L. Stanton
          U.S.D.J.

3