UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EPHESIAN JOHNNY FRANKLIN,

              Plaintiff,

        -against-

SHAWN COREY CARTER; BEYONCE
GISELLE KNOWLES,

              Defendants.

25-CV-231 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff filed this action *pro se* and *in forma pauperis* ("IFP"), under the court's diversity of citizenship jurisdiction, asserting claims arising under state law. (ECF 1.) By order dated October 25, 2025, the Court dismissed this action for lack of subject matter jurisdiction and granted Plaintiff 30 days' leave to file an amended complaint to allege facts showing that the Court has diversity jurisdiction of his claims. (ECF 20.) Additionally, the Court noted that the complaint contained "few facts supporting [Plaintiff's] claims that Defendants defamed and harassed him and caused him physical and financial injury," and directed him to provide facts in the amended complaint that supported his claims. (*Id.* at 7.)

Thereafter, Plaintiff filed a number of motions. (ECF 21-24.) By order dated January 23, 2026, the Court denied the motions, and alerted Plaintiff that if he did not file an amended complaint within 30 days, the Court would dismiss the action for the reasons set forth in the October 25, 2025 order. (ECF 26.) Plaintiff filed an amended complaint on February 3, 2026, and the Court has reviewed it. (ECF 27.) The Court dismisses this action for the reasons set forth below.

**BACKGROUND AND DISCUSSION**

In the original complaint, Plaintiff, a citizen of Texas, provided only Manhattan business addresses for Defendants Shawn Corey Carter and Beyonce Giselle Knowles ("Beyonce"). (ECF 1 at 4.) He alleged that the events underlying this matter occurred in Texas between October 19, 2013, and September 11, 2024. (*Id.*) According to Plaintiff, after he appeared in Beyonce's music video for her song "No Angel," she "took an obsession" with him and "displayed it in" the video.[1] (*Id.* at 5.) Thereafter, Plaintiff's "house got fired into with children there"; all "kinds of bizarre attacks were happening to various people; and the two boys in the scene right before the defaming scene . . . [depicting Plaintiff] reaching . . .[into his] car both got killed." (*Id.*) Plaintiff further alleged that Defendants:

> destroyed my houses, cars, family, and friends. All my assets was featured in that music video. My mother house which starts the music video off have all kinds of atrocious acts done to it. My 6 books including the one featured the rappers money was missing! My video footage from my Slab Car Parade stolen.

(*Id.* at 6.) Plaintiff requested $40 million in damages. (*Id.*)

In the October 25, 2025 order, the Court directed Plaintiff to file an amended complaint showing that there is complete diversity of citizenship among the parties, and that, to a reasonable probability, the amount in controversy meets the statutory jurisdictional amount in excess of $75,000. Additionally, the Court directed Plaintiff to provide facts stating a claim arising under state law. (ECF 20.)

In the amended complaint, Plaintiff alleges:

Defendants have a weaponized music video up now with the attack displaying to me and inflicting others. Numerous victims were harmed in the music video including children. School attacks to children. I talk to all the other victims and our stories all match! Also a threat to the United States with updating the Bible

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

with the defendants atrocities! All walks of life have succumb to atrocities they wouldn't consider stemming from the special craft attacks that take people!! A arrest petition for terrorism was created for the defendants right after the defaming video attack to the President by a victim.

(ECF 27 at 1.) Attached to the amended complaint are photographs and Bible verses. (*Id.* at 2-6.)

The amended pleading suffers from the same deficiencies as the original pleading. The allegations in the amended complaint do not establish that there is diversity of citizenship, or that the statutory amount in controversy is met. Accordingly, the Court dismisses this action without prejudice for lack of subject matter jurisdiction.

## LEAVE TO AMEND

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

The Court dismisses this action, filed IFP under 28 U.S.C. § 1915(a)(1), without prejudice, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court directs the Clerk of Court to enter civil judgment, for the reasons set forth in this order and in the Court's October 25, 2025 order.

SO ORDERED.

Dated:    February 26, 2026
       New York, New York

                          _Louis L. Stanton_
                            Louis L. Stanton
                               U.S.D.J.

3